[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S POST JUDGMENT MOTION FOR CONTEMPT (148)
The plaintiff, a medical doctor, in this motion, dated April 15, 2001 alleges that the defendant, also a doctor, has failed to pay therapy bills for his daughter for her visits to Cornelia L. Gallo, M.D., totaling $2,825. No itemized bill was introduced. The defendant is responsible for the uninsured and unreimbursed portion of medical bills incurred for the care of the minor.
The parties' judgment of divorce was rendered in the New York Supreme Court, Nassau County on May 24, 1999. The judgment stated:
 "ORDERED AND ADJUDGED that Defendant shall pay to Plaintiff an amount proportionate to the parties respective annual incomes for future reasonable health care unreimbursed medical expenses of the children."
The judgment also recited the following:
 "ORDERED AND ADJUDGED that the stipulation dated August 4, 1997, a copy of which is and incorporated by reference into this judgment shall survive and not merge in this judgment, and the parties hereby are directed to comply with every legally enforceable term and provision of such stipulation."
The stipulation provided in 10.5(a) that after September 30, 1999:
 "Thereafter, all uninsured and unreimbursed medical and dental expenses reasonably necessary for the Children's care and well being shall be borne solely by the FATHER."
The next provision of the stipulation provided:
 "10.6 The MOTHER shall forward to the FATHER and he shall execute such forms as are necessary to obtain payment and/or reimbursement from said health insurance companies and shall cooperate with respect to the processing thereof. The FATHER agrees that he CT Page 6270 shall fill out, execute and deliver to the MOTHER all forms and provide all information in connection with the processing of any application she may make for reimbursement of medical, dental or drug expenses under any insurance policies she may have. If either party has advanced money for said expenses which are covered by insurance and for which reimbursement is made based upon insurance claims filed for said expenses, the payment by the insurance carrier shall belong to the party so advancing said money and any check or draft or proceeds thereof from the insurance carrier shall be promptly turned over to the party advancing said moneys."
Dr. Gallo's undated letter written to the defendant with a copy to the plaintiff, demanded payment in full by "the end of the month," and characterizes the situation as an "impassee." Dr. Gallo did not appear or testify.
The defendant testified that a substantial portion of the said amount is in fact covered by insurance. The two claim forms submitted to the defendant's insurance company by Dr. Gallo for the visits listed from 1/3/02 through 3/6/02, are dated March 11, 2002 and March 30, 01 (sic), (Defendant's Exhibits A and B). The date of current illness is stated as 9/1/00. When Dr. Gallo forwarded the claim forms to the carrier is not in the record.
It is clear from the forgoing that the defendant is not obliged to make payment in advance to any medical provider before service is rendered. The agreement contemplates that advances may be made by either party but are not obligatory.
On April 18, 2002 the defendant answered Dr. Gallo's letter advising that "insurance reimbursement should soon be on it's (sic) way to you." His letter then stated:
 "My hope is that you would extend the same courtesy to me as I do for my patients. Please be assured, you will be paid for all reasonable unreimbursed expenses, as well, in a timely manner."
No answer to this letter has been received.
The court infers that Dr. Gallo has unilaterally changed the payment protocol. Under the circumstances, with substantial reimbursement expected, this court cannot determine how much of the bill is "uninsured" CT Page 6271 and, without an answer from Dr. Gallo, whether she has reconsidered the impasse she has created.
The defendant is entitled to a reasonable amount of time to resolve the impasse with Dr. Gallo.
To find a party in contempt the court must find that the contempt is wilful, without excuse, and within the power of the accused to comply with the court's order. The current order contemplates the application of all insurance benefits to reduction of the bill prior to the determination that the remaining balance is uninsured. The court does not find the defendant in violation of the judgment or the terms of the stipulation.
The plaintiff's motion if denied.
HARRIGAN, J.T.R.